UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:10-CR-276 JCM (LRL) |
|---|---|
| Plaintiff, | |
| v. | |
| ROBERT RUDE, | |
| Defendant. | |

### ORDER

Presently before the court is the report and recommendation of Magistrate Judge Lawrence R. Leavitt (doc. #34) regarding the defendant Robert Rude's motion to dismiss for outrageous government conduct (doc. #25). Defendant filed an objection (doc. #40) and the government filed a response (doc. #41).

In the magistrate judge's report and recommendation (doc. #34), he recommends the court deny the defendant's motion to dismiss for outrageous government conduct (doc. #25) because the government's conduct was acceptable. Specifically, the government satisfied the following five factors that the Ninth Circuit requires for its conduct to be considered acceptable: "(1) the defendant was already involved in a continuing series of similar crimes, or the charged criminal enterprise was already in progress at the time the government agent became involved; (2) the agent's participation was not necessary to enable the defendants to continue the criminal conduct; (3) the agent used artifice and stratagem to ferret out criminal activity; (4) the agent infiltrated a criminal organization;

**James C. Mahan**
**U.S. District Judge**

and (5) the agent approached persons already contemplating or engaged in criminal activity." *United States v. Bonanno*, 852 F.2d 434, 437-38 (9th Cir. 1988); *accord United States v. Williams*, 547 F.3d 1187, 1199-1200 (9th Cir. 2008).

In his objection, the defendant argues that the government's conduct was outrageous in three primary ways: (1) Detective Anderson pushed the defendant to manufacture machine guns; (2) the detective heavily financed the defendant's criminal conduct; and (3) the detective violated the boundaries of undercover investigation by assisting in the assembly of the guns (doc. #40).

The government adopts Magistrate Judge Leavitt's report and recommendation in its response to the objection (doc. #41).

Here, the court agrees with the magistrate judge and the government. First, Rude clearly was illegally manufacturing machine guns before the detective became involved. Second, while Rude claims he could not have continued without the government's funding, there is evidence that he could have, only it would have taken longer. Rude's assistant also helped him make the guns, so the government was not his only outlet for making the guns. The third and fourth factors are satisfied because detective Anderson clearly "infiltrated a criminal organization" and "used stratagem to ferret out criminal activity." *See Bonanno*, 852 F.2d at 437-38. Finally, as previously stated, Rude had already been manufacturing the guns, satisfying the fifth factor.

Upon review of the magistrate judge's recommendation (doc. #34) and the objection and response thereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Lawrence Leavitt (doc. #34) regarding the defendant's motion to dismiss for outrageous government conduct (doc. # 25) be, and the same hereby is, AFFIRMED in its entirety.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS THEREFORE ORDERED that defendant's motion to dismiss for outrageous government conduct (doc. #25) be, and the same hereby is, DENIED.

DATED July 29, 2011.

_____
UNITED STATES DISTRICT JUDGE